IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESSIE P. CONTRERAS, by and through his Special Administrator LEONOR CONTRERAS; and LEONOR CONTRERAS, individual, mother of JESSIE CONTRERAS, deceased,<br><br>            Plaintiffs,<br><br>                 v.<br><br>COUNTY OF GLENN; GLENN COUNTY SHERIFF'S DEPARTMENT; LARRY JONES, individually and in his official capacity as GLENN COUNTRY SHERIFF; LT. TIM ASBURY, LT. REVOLINSKI, LT. WARREN, SGT. WHITE, individually and in their official capacities as COMMANDERS, SUPERVISORS, AND/OR SUPERVISORS OF PERSONNEL OF GLENN COUNTY JAIL; DEE DEE NELSON, individually and in her official capacity as GLENN COUNTY CORRECTIONAL OFFICER; E. CHAVEZ, individually and in his official capacity as GLENN COUNTY CORRECTIONAL OFFICER; GLENN MEDICAL CENTER INC; J.A.L.A.  a Minor, daughter of | Case No. 09-cv-02468-JAM-EFB<br><br>ORDER GRANTING DEFENDANTS COUNTY OF GLENN,GLENN COUNTY SHERIFF'S DEPARTMENT,AND SHERIFF LARRY JONES' MOTION TO DISMISS AND MOTION TO STRIKE |

JESSIE CONTRERAS, and DOES 1-
50, Inclusive;
        Defendants.
_____/

This matter comes before the Court on Defendants' County of Glenn, Glenn County Sheriff's Department, and Sheriff Larry Jones' ("Defendants'") Motion to Dismiss, (Doc. 10), Plaintiffs' Estate of Jessie P. Contreras, Leonor Contreras and Jessie Contreras' ("Plaintiff's") First Amended Complaint ("FAC"). (Doc. 6). Defendants seek dismissal of Plaintiffs' fourth claim for relief for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants ask the court to strike or dismiss Leonor Contreras as a plaintiff in the first and second claims for relief, and in the survival action portion of the fifth through eighth claims for relief.  Defendants further request an order for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) with regard to certain claims and factual issues. Lastly, Defendants move to strike all allegations of decedent's pre-death pain, suffering or disfigurement, pursuant to Federal Rule of Civil Procedure 12(f).

FACTUAL AND PROCEDURAL BACKGROUND

Decedent Jessie P. Contreras ("Decedent") was an inmate in Glenn County Jail ("the jail") at the time of his death on

August 6, 2008. Decedent was admitted to the jail for misdemeanor offenses on July 30, 2008. Plaintiffs allege that Decedent indicated at the time of his intake at the jail, and thereafter, that he was mentally unstable and suicidal. Decedent was placed in a single cell with sheets and a bed, and no video camera for monitoring the cell. Plaintiffs allege that a jail officer noted in a computer log that Decedent had advised he was suicidal, yet no mental health or other health care was provided, Decedent was not placed in a safety or isolation cell, and he was not monitored on a suicide watch program. On August 4, 2008, Decedent was found in his cell, hanging from a bed sheet. He was taken to the hospital and died in the hospital on August 6, 2008. Plaintiffs bring survivor claims for civil rights violations under 42 U.S.C. § 1983, and pendent state law survivor claims. Additionally, Plaintiffs ask for leave to amend the FAC to include Decedent's minor daughter, J.A.L.A., as a plaintiff.

OPINION

I. Legal Standard

    A. Motion to Dismiss

        A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a

motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. <u>Motion to Strike</u>

"Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . Motions to strike are disfavored an infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." <u>Bassett v. Ruggles et al.</u>, 2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal citations omitted).

II. <u>Standing for Survival Claims</u>

Defendants argue that Leonor Contreras, in her individual capacity, does not have standing to sue as a survivor, and should be dismissed as a plaintiff from the survivor claims (the first, second, and survival action portions of the fifth, sixth, seventh, and eighth claims for relief). Plaintiffs agree, and ask the Court for leave to amend these claims for relief in the FAC to clarify that Leonor Contreras brings these claims only in her capacity as the Personal Administrator of the Estate of Jessie P. Contreras, and not in her individual capacity as his mother. Plaintiff also requests leave to amend these claims to add Decedent's minor daughter as a claimant and to conform the claims with the applicable law in the California Code of Civil

Procedure § 377.11, § 377.30 and California Probate Code § 6402. Accordingly, the Court dismisses Leonor Contreras as a plaintiff in her individual capacity from the first, second, and survival action portions of the fifth, sixth, seventh, and eighth claims for relief, and grants leave to amend these claims.

III. <u>Federal Claims</u>

Plaintiffs bring four federal claims for relief under 42 U.S.C. § 1983. Defendants seek dismissal of the fourth claim for relief. The fourth claim is entitled "42 U.S.C. § 1983, Municipal/Supervisory Liability." In this claim, Plaintiffs allege that the acts or omissions of defendants violated plaintiffs' civil rights and were the direct and proximate result of policies, procedures and practices/customs of defendants. The claim is brought by all plaintiffs, and Plaintiffs ask to add Decedent's minor daughter as a claimant. Defendants argue that it is unclear whether the claim is intended as a direct action or a survivor action, and further argue that there is no basis for a direct claim under 42 U.S.C. § 1983 by the estate or Decedent's mother.

The Court agrees with Defendants that it is unclear whether Plaintiffs bring the claim as a survival action based on injuries to Decedent, or as a direct action based on their own injuries. It is also unclear what law Plaintiffs allege as the

basis for the claim. In the FAC, the fourth claim for relief mentions a policy of indifference to medical needs, but in Plaintiffs' opposition brief, Plaintiffs reference interference with familial association and substantive due process for the fourth claim for relief (which is also set out as the basis for the third claim for relief). As Plaintiffs' allegations are unclear, and at this early stage the Court cannot determine whether amendment would be futile, the Court therefore dismisses the fourth claim for relief, with leave to amend.

IV. State law claims

Defendants request that Plaintiffs submit a more definite statement regarding their fifth through eighth claims for relief. The fifth through eighth claims are state law survivor and wrongful death claims. Specifically, Defendants submit that they are not able to determine the plaintiffs for each portion of the claims, nor what damages are requested for each portion of the claims, because the claims are combined survivor/wrongful death claims. As discussed above, the Court is granting leave to amend the fifth through eighth claims for relief, so that Plaintiffs may clarify the nature of the claims and the identity of the claimants for each claim for relief. Thus, Defendants' motion for a more definite statement is moot. In amending the fifth through eighth claims for relief, Plaintiffs are advised

7

to set forth as clearly as possible the claimants and their claims.

## V. Damages for Pain and Suffering

Defendants move to strike all allegations related to Decedent's pain and suffering, and to strike Plaintiffs' request for damages based on Decedent's pain and suffering. Defendants argue that such damages are not permitted in the Eastern District.

"Section 1983 does not address survivor claims or any appropriate remedies." Provencio v. Vazquez, 2008 WL 3982063, at *11 (E.D. Cal. Aug. 18, 2008). If a civil rights statute is "deficient in the provisions necessary to furnish suitable remedies," courts must look to applicable state law. 42 U.S.C. § 1988(a). However, state law may not be applied when it is "inconsistent with the constitution and laws of the United States." Id.; see Robertson v. Wegmann, 436 U.S. 584, 590 (1978). The Supreme Court has stated that the purpose behind the Federal Civil Rights Act is to: (1) prevent official illegality, see Robertson, 436 U.S. at 592, and (2) "compensate persons for injuries caused by the deprivation of constitutional rights." Carey v. Piphus, 435 U.S. 247, 254 (1978). In survivor actions in California, "the damages recoverable are limited to the loss or damage that the decedent sustained or

incurred before death, . . . and do not include damages for pain, suffering, or disfigurement." Cal. Civ. Proc. § 377.34.

There is a split of authority on the issue of the applicability of Cal. Civ. Proc. § 377.34., among the District Courts of California. The Eastern District has consistently held that § 377.34 is not inconsistent with Section 1983, and has thus barred survivor claims for pain and suffering damages under Section 1983. Conversely, courts in the Southern, Central, and Northern Districts have opted not to apply § 377.34, finding it inconsistent with the purposes of Section 1983. See e.g. Hirschfield v. San Diego Unified Port Dist., 2009 WL 3248101, at *4 (S.D. Cal. Oct. 8, 2009); Garcia v. Whitehead, 961 F. Supp. 230, 233 (C.D. Cal. 1997); Williams v. City of Oakland, 915 F. Supp. 1074 (N.D. Cal. 1996). Despite the differing opinions of the district courts, the Ninth Circuit has not expressed an opinion on the issue. See Mahach-Watkins v. Depee, 593 F.3d 1054, 1060 (9th Cir. 2010) (acknowledging that "The Ninth Circuit has not addressed the question of what damages are available under a Section 1983 wrongful death claim").

The trend in the Eastern District, beginning with Venerable v. City of Sacramento, 185 F. Supp. 2d 1128 (E.D. Cal. 2002), has been to bar survivor claims for such damages. Reviewing the legislative history of Cal. Civ. P. Code § 377.34, the Court in Venerable noted, "The legislature could well conclude that

recovery for the decedent's pain and suffering is not the better rule given: (1) the uncertainty of testimony about how someone, now dead, suffered; (2) the provision for compensation to family survivors under the wrongful death statute for their own damages, including loss of companionship, and a natural reluctance to add as "compensation" the injury actually suffered by another; and (3) the adequacy of deterrence already provided by the possible array of damages for negligent conduct leading to death whether those damages are sought under the survival statute or by way of a wrongful death action." Id. at 1132. The Court declined to adopt the cynical view that officers would chose to kill, rather than injure, a victim if only required to pay pain and suffering damages when victims survived. Id. at 1133. Thus, the Court held that "In light of the damages that are provided by the California survival and wrongful death statutes, the court finds that state law is not inconsistent with the Constitution and laws of the United States." Id.

In the instant case, Defendants cite to a line of cases from the Eastern District following Venerable which consistently hold that damages for a decedent's pain and suffering are not recoverable in survival actions under § 1983: Provencio v. Vazquez, 2008 WL 3982063, at *12 (E.D. Cal. Aug. 18, 2008) (holding that pain and suffering claims are precluded because "the statutory scheme for survivors in California still provides

compensatory damages for the remaining injured parties, i.e. the survivors"); <u>Rosales v. City of Bakersfield</u>, 2007 WL 1847628 (E.D. Cal. June 27, 2007); <u>Whitfield v. State of California</u>, 2007 WL 496342 (E.D. Cal. Feb. 13, 2007); <u>Moore ex rel Moore v. County of Kern</u>, 2006 WL 2190753 (E.D. Cal. Aug. 1, 2006); <u>Peacock v. Terhune</u>, 2002 WL 459810 (E.D. Cal. Jan. 23, 2002). Plaintiffs concede that Defendants are "correct in stating that the recovery of pain and suffering damages in a survival action has been disallowed in cases that have considered this issue in the Eastern District." (Pl.'s Opp'n 5:18-19.) However, Plaintiffs argue that other federal courts do not adopt this position.

This Court finds the Court's reasoning in <u>Venerable</u> to be persuasive, and declines to permit a survival action for damages for Decedent's pain and suffering. Therefore, the Court grants Defendants' motion to strike the allegations in the FAC alleging Decedent's pain and suffering (¶29, ¶35, and ¶39), as damages for Decedent's pain and suffering are not recoverable.

ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

- Defendants' Motion to Dismiss the fourth claim for relief is GRANTED, Without Prejudice.

11

- Defendants' Motion to Strike Leonor Contreras as a plaintiff, in her individual capacity as the mother of Decedent, from the First, Second, and survival action portions of the Fifth, Sixth, Seventh and Eighth claims for relief is GRANTED, With Prejudice.
- Defendants' Motion to Strike allegations of Decedent's pain and suffering is GRANTED, with Prejudice.
- Plaintiffs' request to add Decedents' minor daughter, J.A.L.A., as a plaintiff is GRANTED.

Plaintiffs are hereby ordered to file a Second Amended Complaint consistent with the Court's directions herein within twenty (20) days of the Court's order on the Motion to Dismiss by Glenn Medical Center (Doc. #28), scheduled to be heard on August 18, 2010.

Dated: July 15, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE