IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESSIE P. CONTRERAS, by and through his Special Administrator LEONOR CONTRERAS; and LEONOR CONTRERAS, individual, mother of JESSIE CONTRERAS, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF GLENN; GLENN COUNTY SHERIFF'S DEPARTMENT; LARRY JONES, individually and in his official capacity as GLENN COUNTRY SHERIFF; LT. TIM ASBURY, LT. REVOLINSKI, LT. WARREN, SGT. WHITE, individually and in their official capacities as COMMANDERS, SUPERVISORS, AND/OR SUPERVISORS OF PERSONNEL OF GLENN COUNTY JAIL; DEE DEE NELSON, individually and in her official capacity as GLENN COUNTY CORRECTIONAL OFFICER; E. CHAVEZ, individually and in his official capacity as GLENN COUNTY CORRECTIONAL OFFICER; GLENN MEDICAL CENTER INC; J.A.L.A. a Minor, daughter of | Case No. 09-cv-02468-JAM-EFB<br><br>ORDER GRANTING DEFENDANTS TIMOTHY ASBURY, PHILLIP REVOLINSKY, RICHARD WARREN, HAROLD WHITE, DEE DEE NELSON AND EMMANUEL CHAVEZ'S MOTION TO DISMISS AND MOTION TO STRIKE |

1

JESSIE CONTRERAS, and DOES 1-50, Inclusive;
        Defendants.
_____/

This matter comes before the Court on Defendants' Timothy Asbury, Philip Revolinsky, Richard Warren, Harold White, Dee Dee Nelson and Emmanuel Chavez' ("Defendants'") Motion to Dismiss and Motion to Strike (Doc.11) portions of Plaintiffs' Estate of Jessie P. Contreras, Leonor Contreras and Jessie Contreras' ("Plaintiff's") First Amended Complaint ("FAC"). (Doc. 6). Defendants ask the court to dismiss Leonor Contreras' individual survivor claims in the first, second, and fourth through eighth claims for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also seek to dismiss the suits against them in their "official capacity." Lastly, Defendants move to strike all allegations of decedent's pre-death pain, suffering or disfigurement, pursuant to Federal Rule of Civil Procedure 12(f).

FACTUAL AND PROCEDURAL BACKGROUND

Decedent Jessie P. Contreras ("Decedent") was an inmate in Glenn County Jail ("the jail") at the time of his death on August 6, 2008. Decedent was admitted to the jail for misdemeanor offenses on July 30, 2008. Plaintiffs allege that Decedent indicated at the time of his intake at the jail, and thereafter, that he was mentally unstable and suicidal. Decedent

was placed in a single cell with sheets and a bed, and no video camera for monitoring the cell. Plaintiffs allege that a jail officer noted in a computer log that Decedent had advised he was suicidal, yet no mental health or other health care was provided, Decedent was not placed in a safety or isolation cell, and he was not monitored on a suicide watch program. On August 4, 2008, Decedent was found in his cell, hanging from a bed sheet. He was taken to the hospital and died in the hospital on August 6, 2008. Plaintiffs brings survivor claims for civil rights violations under 42 U.S.C. § 1983, and pendent state law survivor claims. Additionally, Plaintiffs ask for leave to amend the FAC to include Decedent's minor daughter, J.A.L.A., as a plaintiff.

OPINION

I. <u>Legal Standard</u>

　　A. <u>Motion to Dismiss</u>

　　　　A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183

3

(1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Motion to Strike

"Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . Motions to strike are disfavored an infrequently granted. A motion to strike should not be granted unless it is clear that

the matter to be stricken could have no possible bearing on the subject matter of the litigation." Bassett v. Ruggles et al., 2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal citations omitted).

II. Standing for Survival Claims

Defendants argue that Leonor Contreras, in her individual capacity, does not have standing to sue as a survivor in the first, second, fourth, fifth, sixth, seventh, and eighth claims for relief, thus her individual survivor claims in these causes of action should be dismissed. Plaintiffs agree, and ask the Court for leave to amend these claims for relief in the FAC to clarify that Leonor Contreras brings these claims only in her capacity as the Personal Administrator of the Estate of Jessie P. Contreras, and not in her individual capacity as his mother. Plaintiff also requests leave to amend these claims to add Decedent's minor daughter as a claimant and to conform the claims with the applicable law in the California Code of Civil Procedure § 377.11, § 377.30 and California Probate Code § 6402. Accordingly, the Court dismisses Leonor Contreras' individual survivor claims in the first, second, fourth, fifth, sixth, seventh, and eighth claims for relief, with prejudice, but grants the remaining plaintiffs leave to amend the claims consistent with this order.

III. Official Capacity Suits

Plaintiffs brought suit against Defendants both in their individual and official capacities. Defendants ask the Court to dismiss the suit against them in their official capacity. Defendants argue that because Plaintiffs have also sued Defendants' employer, a suit against Defendants in their official capacity is redundant.

"1983 claims against government officials in their official capacity are really suits against the government employer because the employer must pay any damages awarded. In such, the real party in interest is the entity for which the official works." Haddox v. City of Fresno, 2008 WL 53244, at *3 (E.D. Cal. Jan. 2, 2008) (internal citations omitted). When a plaintiff has sued both an officer in his/her official capacity and sued his/her employer, the individual capacity suit is dismissed as redundant. See e.g. Haddox, supra; Rendon v. Fresno Police Dept., 2005 WL 1925859 (E.D. Cal. Aug. 11, 2005); Enriquez v. City of Fresno, 2010 WL 2490969 (E.D. Cal. June 16, 2010).

Accordingly, the suits against Timothy Asbury, Philip Revolinsky, Richard Warren, Harold White, Dee Dee Nelson and Emmanuel Chavez in their official capacity are dismissed as redundant, with prejudice. However, this ruling in no way

6

affects the suit against these officers in their individual capacity.

IV. Damages for Pain and Suffering

Defendants move to strike all allegations related to Decedents pain and suffering, and to strike Plaintiffs' request for damages based on Decedent's pain and suffering. Defendants argue that such damages are not permitted in the Eastern District.

"Section 1983 does not address survivor claims or any appropriate remedies." Provencio v. Vazquez, 2008 WL 3982063, at *11 (E.D. Cal. Aug. 18, 2008). If a civil rights statute is "deficient in the provisions necessary to furnish suitable remedies," courts must look to applicable state law. 42 U.S.C. § 1988(a). However, state law may not be applied when it is "inconsistent with the constitution and laws of the United States." Id.; see Robertson v. Wegmann, 436 U.S. 584, 590 (1978). The Supreme Court has stated that the purpose behind the Federal Civil Rights Act is to: (1) prevent official illegality, see Robertson, 436 U.S. at 592, and (2) "compensate persons for injuries caused by the deprivation of constitutional rights." Carey v. Piphus, 435 U.S. 247, 254 (1978). In survivor actions in California, "the damages recoverable are limited to the loss or damage that the decedent sustained or

7

incurred before death, . . . and do not include damages for pain, suffering, or disfigurement." Cal. Civ. Proc. § 377.34.

There is a split of authority on the issue of the applicability of Cal. Civ. Proc. § 377.34., among the District Courts of California. The Eastern District has consistently held that § 377.34 is not inconsistent with Section 1983, and has thus barred survivor claims for pain and suffering damages under Section 1983. Conversely, courts in the Southern, Central, and Northern Districts have opted not to apply § 377.34, finding it inconsistent with the purposes of Section 1983. See e.g. Hirschfield v. San Diego Unified Port Dist., 2009 WL 3248101, at *4 (S.D. Cal. Oct. 8, 2009); Garcia v. Whitehead, 961 F. Supp. 230, 233 (C.D. Cal. 1997); Williams v. City of Oakland, 915 F. Supp. 1074 (N.D. Cal. 1996). Despite the differing opinions of the district courts, the Ninth Circuit has not expressed an opinion on the issue. See Mahach-Watkins v. Depee, 593 F.3d 1054, 1060 (9th Cir. 2010) (acknowledging that "The Ninth Circuit has not addressed the question of what damages are available under a Section 1983 wrongful death claim").

The trend in the Eastern District, beginning with Venerable v. City of Sacramento, 185 F. Supp. 2d 1128 (E.D. Cal. 2002), has been to bar survivor claims for such damages. Reviewing the legislative history of Cal. Civ. P. Code § 377.34, the Court in Venerable noted, "The legislature could well conclude that

recovery for the decedent's pain and suffering is not the better rule given: (1) the uncertainty of testimony about how someone, now dead, suffered; (2) the provision for compensation to family survivors under the wrongful death statute for their own damages, including loss of companionship, and a natural reluctance to add as "compensation" the injury actually suffered by another; and (3) the adequacy of deterrence already provided by the possible array of damages for negligent conduct leading to death whether those damages are sought under the survival statute or by way of a wrongful death action." Id. at 1132. The Court declined to adopt the cynical view that officers would chose to kill, rather than injure, a victim if only required to pay pain and suffering damages when victims survived. Id. at 1133. Thus, the Court held that "In light of the damages that are provided by the California survival and wrongful death statutes, the court finds that state law is not inconsistent with the Constitution and laws of the United States." Id.

In the instant case, Defendants cite to a line of cases from the Eastern District following Venerable which consistently hold that damages for a decedent's pain and suffering are not recoverable in survival actions under § 1983: Provencio v. Vazquez, 2008 WL 3982063, at *12 (E.D. Cal. Aug. 18, 2008) (holding that pain and suffering claims are precluded because "the statutory scheme for survivors in California still provides

9

compensatory damages for the remaining injured parties, i.e. the survivors"); <u>Rosales v. City of Bakersfield</u>, 2007 WL 1847628 (E.D. Cal. June 27, 2007); <u>Whitfield v. State of California</u>, 2007 WL 496342 (E.D. Cal. Feb. 13, 2007); <u>Moore ex rel Moore v. County of Kern</u>, 2006 WL 2190753 (E.D. Cal. Aug. 1, 2006); <u>Peacock v. Terhune</u>, 2002 WL 459810 (E.D. Cal. Jan. 23, 2002). Plaintiffs concede that Defendants are "correct in stating that the recovery of pain and suffering damages in a survival action has been disallowed in cases that have considered this issue in the Eastern District." (Pl.'s Opp'n 5:18-19.) However, Plaintiffs argue that other federal courts do not adopt this position.

This Court finds the Court's reasoning in <u>Venerable</u> to be persuasive, and declines to permit a survival action for damages for Decedent's pain and suffering. Therefore, the Court grants Defendants' motion to strike the allegations in the FAC alleging Decedent's pain and suffering (¶29, ¶35, and ¶39), as damages for Decedent's pain and suffering are not recoverable.

ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

- Defendants' Motion to Dismiss Leonor Contreras' survivor claims, in her individual capacity as the mother of Decedent, from the First, Second, Fourth, Fifth, Sixth,

- Seventh and Eighth claims for relief is GRANTED, With Prejudice.
- Defendants' Motion to Strike allegations of Decedent's pain and suffering is GRANTED, with Prejudice.
- Plaintiffs' request to add Decedents' minor daughter, J.A.L.A., as a plaintiff is GRANTED.

Plaintiffs are hereby ordered to file a Second Amended Complaint consistent with the Court's directions herein within twenty (20) days of the Court's order on the Motion to Dismiss by Glenn Medical Center (Doc. #28), scheduled to be heard on August 18, 2010.

Dated: July 15, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE