UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESSIE P. CONTRERAS, by and through his Special Administrator, LEONOR CONTRERAS; and LEONOR CONTRERAS, individually, mother of JESSIE CONTRERAS, deceased,<br><br>            Plaintiffs,<br><br>  v.<br><br>COUNTY OF GLENN; GLENN COUNTY SHERIFF'S DEPARTMENT; LARRY JONES, individually and in his official capacity as GLENN COUNTY SHERIFF; LT. TIM ASBURY; LT. REVOLINSKI; LT. WARREN; SGT. WHITE, individually and in their official capacities as COMMANDERS, SUPERVISORS and/or SUPERVISORS OF PERSONNEL OF GLENN COUNTY JAIL; DEE DEE NELSON, individually and in her official capacity as GLENN COUNTY CORRECTIONAL OFFICER; E. CHAVEZ, individually and in his official capacity as GLENN COUNTY CORRECTION OFFICER; GLENN MEDICAL CENTER INC., J.A.L.A., a minor daughter of JESSIE CONTRERAS, and DOES 1-50,<br><br>            Defendants. | Case No. 2:09-CV-2468-JAM-EFB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GLENN MEDICAL CENTER'S MOTION TO DISMISS |

1

This matter comes before the Court on Defendant Glenn Medical Center, Inc.'s ("Defendant's") Motion to Dismiss (Doc. 28) Plaintiffs' Estate of Jessie P. Contreras, by and through his Special Administrator, Leonor Contreras, and Leonor Contreras individually, mother of Jessie P. Contreras ("Plaintiffs") First Amended Complaint ("FAC") (Doc. 6) for failure to state a claim pursuant to Federal Rule of Civil Procedure.  Plaintiffs oppose the motion.  The matter was calendared for hearing on August 18, 2010, and ordered submitted on the briefs.[1]  For the reasons set forth below, Defendant's motion is granted in part, and denied in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Decedent Jessie P. Contreras ("Decedent") was an inmate in Glenn County Jail ("the jail") at the time of his death on August 6, 2008.  Decedent was admitted to the jail for misdemeanor offenses on July 30, 2008.  Plaintiffs allege that Decedent indicated at the time of his intake at the jail, and thereafter, that he was mentally unstable and suicidal.  Decedent was placed in a single cell with sheets and a bed, and no video camera for monitoring the cell.  Plaintiffs allege that a jail officer noted in a computer log that Decedent had advised he was suicidal, yet no mental health or other health care was provided, Decedent was not placed in a safety or isolation cell, nor was he monitored on a suicide watch program.  On August 4, 2008, Decedent was found in his cell, hanging from a bed sheet.  He was taken to the hospital and died in the hospital on August 6, 2008.  Plaintiffs bring

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

survivor claims for civil rights violations under 42 U.S.C. § 1983, and pendent state law survivor claims.  Additionally, Plaintiffs ask for leave to amend the FAC to include Decedent's minor daughter, J.A.L.A., as a plaintiff.  Plaintiffs allege that Defendant bears responsibility for Decedent's death, because Defendant is the contracted medical care provider for the jail, and is responsible for providing medical and mental health training to staff at the jail.  The Court has previously ruled (Docs. 30, 31) on motions to dismiss by defendants County of Glenn, Glenn County Sheriff's Department, Sheriff Larry Jones, and officers Timothy Asbury, Philip Revolinsky, Richard Warren, Harold White, Dee Dee Nelson and Emmanuel Chavez.  See Contreras, ex rel. Contreras v. County of Glenn, 2010 WL 2816378 (E.D. Cal. July 16, 2010); Estate of Contreras, ex rel. Contreras v. County of Glenn, 2010 WL 2816246 (E.D. Cal. July 16, 2010).  Pursuant to those orders, Plaintiffs will be filing a Second Amended Complaint within twenty (20) days of the date of this Order.

## II.  OPINION

A. Legal Standard

Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405

U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### Section 1983

To prevail in a 42 U.S.C. § 1983 civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States."  Thornton v. City of St. Helens, 425 F.3d 1158,

4

1163-64 (9th Cir. 2005) (internal citations omitted).

<u>Standing</u>

As an initial matter, Defendant challenges Leonor Contreras' standing in her individual capacity to bring the first and second claims for relief under 42 U.S.C. § 1983. The Court addressed Leonor Contreras' lack of individual standing in its previous orders. <u>See</u> <u>Contreras, ex rel. Contreras</u>, 2010 WL 2816378 at *2; <u>Estate of Contreras, ex rel. Contreras</u>, 2010 WL 2816246 at *2. For the reasons stated in the Court's previous orders, Leonor Contreras in her individual capacity lacks standing to bring the first and second claims, and lacks standing to bring the survival action portions of the fifth, sixth, seventh and eighth claims for relief.

B.   <u>Claims for Relief</u>

1.   <u>Fourteenth Amendment Violation, First Claim for Relief</u>

The first claim for relief alleges a violation of 42 U.S.C. § 1983, based on deliberate indifference to serious medical needs, health and safety, in violation of Decedent's Fourteenth Amendment substantive due process rights. Defendant argues that this claim should be dismissed, because the Eighth Amendment, not the Fourteenth Amendment, applies to inmates such as Decedent. The FAC alleges that Decedent was serving jail time for misdemeanor offenses. FAC ¶17.

The status of a detainee determines the appropriate standard for evaluating allegations of deliberate indifference. <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987). "Claims of failure to provide care for serious medical needs, when brought by a

detainee . . . who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment." Lanier v. City of Fresno, 2010 WL 3957472, *5 (E.D. Cal. Oct. 8, 2010) (quoting Lolli v. County of Orange, 351 F.3d 410, 418-419 (9th Cir. 2003). The Eighth Amendment applies to convicted prisoners, whereas the Fourteenth Amendment standard applies to conditions of confinement when detainees have not been convicted. Hegstrom, supra.

Plaintiffs do not specifically address Defendant's motion to dismiss the first claim for relief. Instead, Plaintiffs combine the first and second claims for relief, arguing that neither should be dismissed. Plaintiffs focus their argument on the second claim for relief, and offer no opposition to Defendant's argument that the allegations of the FAC indicate that Decedent was not a pretrial detainee subject to the Fourteenth Amendment protections, but rather an inmate serving his sentence, thus subject only to Eighth Amendment protection.

Taking the allegations of the FAC as true, and drawing all inferences in favor of Plaintiffs, as the Court is required to do, the Court finds that the First Claim for Relief in the FAC fails to state a section 1983 claim for violation of the Fourteenth Amendment. Given the FAC's allegations that Decedent was serving jail time for misdemeanor offenses, he is protected by the Eighth Amendment rather than the Fourteenth Amendment. Accordingly, the motion to dismiss the First Claim for Relief is GRANTED WITH PREJUDICE.

    2. <u>Eighth Amendment Violation, Second Claim for Relief</u>

The Second Claim for Relief alleges a violation of 42

6

U.S.C. § 1983 based on deliberate indifference to serious medical needs, health and safety, in violation of Decedent's Eighth Amendment right to protection from cruel and unusual punishment. The FAC alleges that Defendant is under contract with the jail to provide medical care and mental health care, including implementing a system of screening for mental health needs and delivering mental health care to inmates.  The FAC further alleges Decedent indicated his suicidal inclination, and this was noted in his record by jail employees, yet no steps were taken to provide him with any mental health care, place him in a special cell, or monitor him. Defendant argues that the FAC contains no allegation of wrongdoing by any of Defendant's employees.  Defendant also argues that the FAC does not make any allegation that Defendant or its employees were aware of Decedent or his medical and mental health needs, therefore Defendant lacks the requisite intent required for deliberate indifference.

    Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(internal citations omitted).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure

to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Accordingly, an Eighth Amendment violation is comprised of both an objective component and a subjective component. Coleman v. Wilson, 912 F. Supp. 1282, 1298 (E.D. Cal. 1995). The objective component turns on whether the deprivation of a particular medical need is sufficiently serious. Id. The objective component of deliberate indifference is a mixed question of law and fact, and may turn on whether the mental health care delivery system in place at a jail facility was so deficient that it deprived seriously mentally ill inmates of access to adequate health care. Id. Courts then utilize a six component test to determine if a mental health care delivery system is minimally adequate. Id. With respect to the subjective component, an official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 1299. However, "where the evidence before the district court proves the objective component of an Eighth Amendment violation, the defendants could not plausibly persist in claiming lack of awareness any more than prison officials who state during litigation that they will not take reasonable measures to abate an intolerable risk of which they are aware could claim to be subjectively blameless for purposes of the Eighth Amendment." Id.

Additionally, a private entity that contracts with the government to provide medical and mental health care may be

considered a state actor whose conduct constitutes state action under Section 1983. Jensen v. Lane County, 222 F.3d 570, 574-575 (9th Cir. 2000). Courts have developed various tests for determining whether an individual or entity's actions are state action. Id.

The FAC alleges that Defendant employs a psychiatrist and other medical personnel to treat jail inmates pursuant to a contract with the jail. According to the allegations of the FAC, Defendant maintains a contract with the jail to implement delivery of physical and mental health services to inmates, and the contract called for Defendant to regularly schedule trainings for all security and health services staff, including identification and management of suicidal behavior. The FAC further alleges that the contract called for potentially suicidal inmates to be placed on suicide watch and monitored by security staff every 15 minutes, by health care staff every 8 hours, and by mental health staff within 24 hours. According to Plaintiffs, Defendant did not develop or provide the trainings and programs for jail personnel. FAC ¶¶ 23-24.

Defendant argues that the FAC fails to allege that Defendant or any of its employees were aware of Decedent's substantial medical need and purposefully failed to provide medical care to address that need. The FAC and the opposition brief continually refer to "defendants" as having become aware of Decedent's suicidal inclinations, which Defendant contends is an attempt to lump Glenn Medical Center staff together with jail officials, and attribute facts known to individual jail officials to Glenn Medical personnel, without any basis.

9

At this stage in the pleadings, the Court will not engage in an extensive analysis of the adequacy of the mental health system in place at the jail. The allegations of the FAC are sufficient at this stage to permit the Court to infer that Defendant's actions qualify as state action under section 1983, and that Plaintiffs have plead a plausible Eighth Amendment claim. The FAC has sufficiently alleged that Defendant employs a psychiatrist and other staff to treat jail inmates, and was charged with implementing the delivery of medical and mental health care to inmates. Thus the Court may infer from the allegations of the FAC that after it was noted in Decedent's file that he was suicidal, Defendant may bear some responsibility for the failure to provide care which led to Decedents' death. Accordingly, the motion to dismiss the second claim for relief is DENIED.

### 3. Fourteenth Amendment Violation, Third Claim for Relief

The third claim for relief is plead on behalf of Leonor Contreras in her individual capacity as Decedent's mother. The claim is brought under 42 U.S.C. § 1983 and alleges violation of Leonor Contreras's substantive due process rights under the Fourteenth Amendment, for loss of the parent/child relationship.

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "The constitutional interest in familial companionship and society protects against deprivations that are a result of unwarranted

10

state interference." Robbins v. City of Hanford, 2006 WL 1716220 *14 (E.D. Cal. June 19, 2006) (internal citations omitted). Where a claim for interference with familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship. Id.

Here, the third claim for relief is predicated upon a finding that Decedent's rights were violated by Defendant's deliberate indifference and cruel and unusual punishment. Defendant alleges that because Plaintiffs' first and second claims for violation of the Fourteenth and Eighth Amendments fail, so to must the third claim for relief fail. However, because the Court is not dismissing the Eighth Amendment claim, this claim may serve as a basis for Leonor Contreras to maintain the third claim for relief. Accordingly, the motion to dismiss the third claim for relief is DENIED.

### 4. Municipal/Supervisory Liability, Fourth Claim for Relief

The fourth claim for relief alleges municipal and supervisory liability under 42 U.S.C. § 1983. Defendant argues that this claim is duplicative of the other section 1983 claims, as it is unclear what Plaintiffs are pleading. The Court's previous order dismissed the fourth claim for relief with leave to amend. See Estate of Contreras ex rel. Contreras, 2010 WL 2816246 at *2. For the reasons set forth in the previous order, this claim is DISMISSED, with leave to amend.

5.  <u>Wrongful Death/Professional Negligence/Medical Malpractice, Fifth Claim for Relief</u>

Plaintiffs' fifth claim for relief is captioned as a claim for wrongful death, professional negligence and medical malpractice. The claim is brought on behalf of the Estate of Jessie P. Contreras, and on behalf of Leonor Contreras. Defendant argues that this claim should be dismissed because the FAC lacks allegations of a duty owed by Defendant to Decedent. However, as noted in Plaintiffs' opposition, the allegations that Defendant was responsible for providing medical and mental health care for incarcerated individuals such as Decedent, provide the allegations of a duty.

In a medical malpractice action, the plaintiff must establish: "1) the duty of the professional to use such skill, prudence, and diligence as other members of his profess commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." <u>Johnson v. Vo</u>, 2009 WL 840398, *3 (E.D. Cal. Mar. 30, 2009). The standard of care in a medical malpractice case requires that medical service providers exercise that degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances. <u>Id.</u> A professional negligence claim likewise requires the same standard of care. <u>Flowers v. Torrance Memorial Hospital Medical Center</u>, 8 Cal. 4th 992, 998 (1994).

Plaintiffs have alleged in the FAC that Defendant owed a duty to Decedent to provide medical and mental health care, and that

failure to provide this care when Decedent needed it caused his death.  Defendant argues that the FAC does not allege any contact between Defendant's employees and Decedent.  However, given the allegations of the FAC that Defendant employed a psychiatrist and other medical personnel to treat inmates, Plaintiffs have sufficiently plead a duty to provide care that was breached.  The allegations are sufficient at this stage of the pleadings to support a claim for medical malpractice/professional negligence.  Accordingly, the motion to dismiss the fifth claim against Defendant is DENIED.  However, the Court notes that the clarification requested in its previous order applies to this order as well.  See Estate of Contreras ex rel. Contreras, 2010 WL 2816246 at *2-3.  Plaintiffs will amend the fifth, sixth, seventh and eighth claims to clarify that Leonor Contreras brings the claims only in her capacity as administrator of the estate of Jessie P. Contreras, and not in her individual capacity.  Further, Plaintiffs will amend to clarify who is bringing the wrongful death survivor action portion of these claims.

      6.    Wrongful Death, Negligence, Negligence Per Se, Sixth Claim for Relief

Plaintiffs' sixth claim alleges that all defendants, including Defendant Glenn Medical Center, had a duty to manage the jail in a manner so as to prevent what happened to Decedent, and they breached that duty.  The FAC states that "Said duty is defined by California State Law, law enforcement standards, administrative regulations and medical standards."  FAC. ¶51.  As discussed above, the FAC alleges that Defendant breached its duty to provide medical and mental health care to Decedent when he was incarcerated and

13

needed such care. Defendant contends that the claim fails because Plaintiffs did not name specific statutes or regulations that were allegedly violated. Plaintiffs contend that this argument addresses only the negligence per se aspect of the claim, and not the wrongful death or general negligence aspects. Plaintiffs further argue that they are not required to name specific statutes that were violated in order to plead a negligence per se claim.

Negligence per se is not an independent cause of action. Rather, negligence per se is an evidentiary doctrine that establishes a presumption of negligence based on the violation of a statute. Spencer v. DHI Mortg. Co., Ltd., 624 F. Supp. 2d 1153, 1161-62 (E.D. Cal. 2009). California Evidence Code Section 669(a) addresses negligence per se, providing that a presumption of failure to exercise due care exists if (1) defendant violated a statute, ordinance, or regulation of a public entity, (2) the violation proximately caused death or injury to person or property, (3)the death or injury resulted from an occurrence of the nature which the statute, ordinance or regulation was designed to prevent, and (4) the person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance or regulation was adopted. Spencer, 624 F. Supp. 2d at 1162. Additionally, an underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code Section 669 can be employed. Id. (citations omitted). The elements of a cause of action for general negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury. Id. at 1161. The existence of a legal duty to

use reasonable care in a particular factual situation is a question of law for the court to decide.  Id. (citing Vasquez v. Residential Investments, Inc., 118 Cal.App.4th 269, 278 (2004)).

Here, Plaintiffs have not stated which statute or regulation was allegedly violated, thus the Court cannot determine whether they have adequately plead facts to support a claim of negligence per se.  Accordingly, the negligence per se aspect of this claim is DISMISSED, with leave to amend if Plaintiffs can identify a specific statute or regulation that was violated.  As to the ordinary negligence aspect of the claim, the FAC pleads adequate facts to maintain a claim for ordinary negligence at this early stage of the pleadings.  Defendant's motion to dismiss the ordinary negligence portion is DENIED.  Thus, Defendant's motion to dismiss the sixth claim is GRANTED in part and DENIED in part, with leave to amend.

       7.   <u>Negligent Supervision, Training, Hiring and Retention, Seventh Claim for Relief</u>

The seventh claim for relief alleges that Defendant was negligent in its supervision, training, hiring and retention of employees at the jail.  Defendant argues that this claim should be dismissed because the FAC does not allege the involvement of any of Defendant's employees in caring for Decedent.  However, Plaintiffs note that the FAC alleged that Defendant employs a psychiatrist and medical personnel to treat jail inmate.  Plaintiffs argue that Defendant's negligence in hiring, training, supervising and retaining these individuals harmed Decedent.  The FAC further alleges that Defendant was under contract to develop a training program to identify and treat potentially suicidal inmates.

1 Plaintiffs contend that the negligent delivery of these suicide
2 prevention services and treatment injured Decedent.
3     An employer may be liable to a third person for the employer's
4 negligence in hiring or retaining an employee who is incompetent or
5 unfit.  Roman Catholic Bishop v. Superior Court, 42 Cal.App.4th
6 1556, 1565 (1996).  Liability is based upon the facts that the
7 employer knew or should have known that hiring the employee created
8 a particular risk or hazard and that particular harm materializes.
9 Doe v. Capital Cities, 50 Cal.App.4th 1038, 1054 (1996).
10     While the FAC raises broad allegations of negligence, it does
11 not raise allegations that Defendant knew or should have known of
12 the particularized risk of hiring or retaining specific employees.
13 As to the negligent supervision claim, the FAC likewise lacks
14 allegations that Defendant knew or should have known that is was
15 negligent in supervising or training specific employees.
16 Accordingly, the motion to dismiss the seventh claim is GRANTED,
17 with leave to amend.
18         8.   Wrongful Death, Failure to Furnish/Summon Medical
                Aid, Eighth Claim for Relief
19
20     The FAC alleges that Defendant failed to summon medical
21 care upon discovering Decedent hanging in his cell (but alive and
22 with a pulse), in violation of "California State Law and
23 specifically California Government Code 845.6."  FAC ¶57.
24 California Government Code § 845.6 states that a public employee or
25 public entity where the employee is acting within the scope of
26 his/her employment is liable if the employee knows or has reason to
27 know that a prisoner is in need of immediate medical care and fails
28 to take reasonable action to summon such care.  Liability under

16

1  section 845.6 is limited to public employees or public entities.
2  Johnson v. City of Los Angeles, 143 Cal.App.3d 298, 317 (1983).
3  However, Defendant is an independent contractor with the jail, and
4  independent contractors are not employees subject to liability
5  under code sections such as § 845.6 that provide for liability
6  against public employees.  Gov. Code 810.2; 811.4.

   Plaintiffs argue that liability is not contingent on a finding
that Defendant is liable under § 845.6, because the claim also
alleges in general terms that Defendant violated California state
law.  However, as Defendant is not subject to liability under
§ 845.6, and the FAC does not articulate what other state law
Plaintiffs' are referring to, the claim is DISMISSED, with leave to
amend.

### III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

- The motion to dismiss the first claim is GRANTED WITH PREJUDICE.
- The motion to dismiss the second claim is DENIED.
- The motion to dismiss the third claim is DENIED.
- The motion to dismiss the fourth claim is GRANTED, with leave to amend.
- The motion to dismiss the fifth claim is DENIED.
- The motion to dismiss the sixth claim is GRANTED, with leave to amend as to negligence per se, and DENIED as to ordinary negligence.
- The motion to dismiss the seventh claim is GRANTED, with

    leave to amend.

- The motion to dismiss the eighth claim is GRANTED, with leave to amend.
- Plaintiffs will amend the fifth, sixth, seventh and eighth claims to clarify that Leonor Contreras brings the claims only in her capacity as administrator of the estate of Jessie P. Contreras, and not in her individual capacity. Further, Plaintiffs will amend to clarify who is bringing the wrongful death survivor action portion of these claims.

The Second Amended Complaint must be filed within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated: December 1, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE